PROB 12C
(7/93)

# United States District Court

for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision
(Amended)

Name of Offender: Edward Rivero                                                Cr.: 06-455-001

Name of Sentencing Judicial Officer: Nicholas H. Politan, U.S.D.J.

Name of Current Sentencing Judicial Officer: Faith Hochberg, U.S.D.J.

Date of Original Sentence: 03/16/90

Original Offense: Conspiracy to Possess with Intent to Distribute & Using a Telephone to Facilitate a Cocaine Conspiracy, 21 U.S.C. § 846 & 21 § U.S.C. 843(B)

Original Sentence: 135 months custody, 5 years supervised release

Date of Violation of Supervised Release Sentence: 10/12/04

Violation of Supervised Release Sentence: 3 months custody, 3 years supervised release

Special Conditions: 3 months Community Corrections Center, later amended to 3 months home confinement; mental health treatment and no contact with any females under the age of 18.

Type of Supervision: Supervised Release                           Date Supervision Commenced: 02/14/05

Assistant U.S. Attorney: Rachel Honig                              Defense Attorney: Peter Willis

### PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | The offender has violated the supervision condition which states **'You shall not commit another federal, state, or local crime.**

The offender was charged by the North Bergen Police Department that on or about 09/12/2006 to 09/16/2006, Edward Rivero Forged a Signature and NJ State Death License number, in violation of NJS 2C: 21-1(a)(2); Filed a False NJ State Death Certificate, in violation of NJS 2C: 21-3(b); and committed Unlicenced Removal of Human Remains in violation of NJS 2C:22-1(a)(1).

According to North Bergen Police Incident Report #60725594, dated 09/28/2006, the victim complainant indicated that on 09/12/2006, she delivered a female still born baby at Palisades Medical Center. On 09/14/2006, she contacted the Hernandez Funeral Home, Union City, New Jersey and was connected with the offender, Edward Rivero. He later responded to her residence regarding the cremation of her child advising it would cost $620.00 and accepted $200.00 cash while at the residence.

On 09/16/2006, the offender and his brother, Rafael Rivero, went back to the victim's home with the "Certificate of Fetal Death" of her child which indicated the wrong date of birth. The victim was advised not to worry this would be corrected.

On 09/18/2006, the offender's brother went back to the victim's home providing her a box which allegedly contained her daughter's ashes. The victim noted that the box was labeled with the wrong name and indicated that the child was a male. She was told these issues would be corrected and was told to pay the balance of the costs for the cremation services. She paid $320.00 in cash and wrote a $100.00 check in the name of Edward Rivero.

The victim later noticed that on the death certificate the funeral home was listed as National Removal Services in Guttenberg, not the Hernandez Funeral Home. She then made contact with the Hernandez Funeral Home who advised they had no documents and notice of services rendered to the victim. The victim contacted the North Bergen Police Department advising that she believes that her child's body might be missing and that Edward Rivero committed fraud against her and issued a fictitious death certificate.

2     The offender has violated the supervision condition which states **'You shall not commit another federal, state, or local crime.**

The offender was charged by the Union City Police Department that on 09/14/2006, he committed Deceptive Business Practices, in violation of NJS 2C: 21-7(h); Securing Execution of Documents by Deception, in violation of NJS 2C: 21-16; and Impersonation/Theft of Identity, in violation of NJS 2C:17A-(2). According to Union City Police Report #2006-72594, subscribed and sworn on 10/16/06, Rivero made a false and misleading statement to the victim with the purpose of obtaining property and money while pretending to a representative of the Hernandez Funeral Home, which he was not authorized to do so. Rivero utilized the mortuary practitioner license # 23JP00334700, belonging to Daniel Simone, Jr. without authorization. He pretended to be a representative of Hernandez Funeral Home with the purpose of obtaining a benefit from the victim.

PROB 12C - Page 3
Edward Rivero

3    The offender has violated the supervision condition which states ' **You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**'

The offender was taken into custody by the Hudson County Sheriff's Office on June 15, 2007, for a violation of N.J. state probation. He did not report the arrest until August 3, 2007, when interviewed in the Hudson County Jail by the undersigned.

I declare under penalty of perjury that the foregoing is true and correct.

By: Thomas S. Larson
Supervising U.S. Probation Officer
Date: 08/14/07

THE COURT ORDERS:

[X] The Issuance of a Summons. Date of Hearing: 9/10/07 at 1:00 PM
[ ] The Issuance of a Warrant
[ ] No Action
[ ] Other

Signature of Judicial Officer

8/21/07
Date