UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Criminal No. 06-455 (FSH) |
| v. | : |
| | : |
| EDWARD RIVERO, | : **ORDER** |
| | : |
| Defendant. | : |

This matter having come before the Court by letter dated October 10, 2008 (docket entry # 22) by the Defendant, Edward Rivero, for an Order lifting the federal detainer lodged against him and granting him 72 hours after his release from State custody to report to the U.S. Marshal Service to commence a nine-month federal sentence; and

it appearing that an Order was entered on July 11, 2008 (copy attached), denying this same request and stating that the detainer must remain in place so that, when the defendant completes his State sentence, the New Jersey authorities are on notice to transfer him to federal custody; and

it appearing that the Government has submitted opposition by letter dated October 22, 2008, and the Court having reviewed the parties' submissions; and for good cause shown,

**IT IS** on this 20th day of November, 2008,

**ORDERED** that the Defendant's request to lift his federal detainer is hereby **DENIED**.

/s/ Faith S. Hochberg
United States District Judge

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Faith S. Hochberg |
| v. | : Criminal No. 06-0455 (FSH) |
| EDWARD RIVERO, | : **ORDER** |
| Defendant. | : Date: July 11, 2008 |

### HOCHBERG, District Judge:

This matter coming before the Court upon Defendant's motion (DKT#18) pursuant to Federal Rule of Criminal Procedure 35(a) for reconsideration of the sentence imposed upon him by this Court on June 3, 2008 in connection with his violation of supervised release; and

it appearing that on June 3, 2008 Defendant Rivero pleaded guilty to violating a condition of his release when he committed the state crime of forgery while on federal supervised release; and

it appearing that immediately after Defendant's plea, the Court imposed upon Defendant a nine-month sentence of imprisonment – to run consecutively with his state sentence of four years – and 24 months of supervised release; and

it appearing that the instant motion for reconsideration was dated June 10, 2008, was received by the Clerk of the Court on June 17, 2008; and

it appearing that Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"; and

it appearing that the Third Circuit has held that "the seven-day time requirement set forth in Rule 35(a) is jurisdictional",[1] see United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007); and

it appearing that the seven-day period during which time the Court had jurisdiction to consider a motion to reconsider Defendant's sentence expired on June 10, 2008, prior to the date on which the Clerk of the Court received Defendant's motion; and

it appearing therefore that the Court lacks jurisdiction to consider Defendant's motion; and

it appearing that Defendant has also requested that the Court lift the federal detainer; and

it appearing, however, that the detainer must remain in place so that, when Defendant completes his state sentence, the New Jersey authorities are on notice to transfer Defendant to federal custody.

**ACCORDINGLY IT IS** on this 11th day of July 2008,

---

[1] Defendant's letter is dated June 10, 2008, which is within seven days of his plea and sentencing. Nevertheless, that factor does not change the Court's analysis. As the Third Circuit noted,

> We recognize that the consequences of following this rule seem to be harsh. After all, counsel filed the Rule 35(a) motion within seven days of the sentencing hearing, the time limit set forth in the Rule. However, the seven-day limit in the Rule does not apply to counsel's motion. It is expressly in terms of the District Court's action.

Higgs, 504 F.3d at 458-59. After the Third Circuit determined that the seven-day period in Rule 35(a) is jurisdictional, the court held that "[a]s a result, the District Court was without jurisdiction to . . . deny[] Higgs' motion for reduction of sentence." Id. at 464.

**ORDERED** that Defendant's request to lift his federal detainer is **DENIED**; and it is further

**ORDERED** that Defendant's motion for reconsideration of his sentence is **DISMISSED** for lack of jurisdiction.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**